IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BAY CITY HOSPITALITY, LTD., | § | CASE NO. 10-41001-H4-11 |
| | § | (Chapter 11) |
| Debtor. | § | |

**DEBTOR'S EMERGENCY MOTION FOR USE OF CASH COLLATERAL**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 14 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THE DEBTOR HAS REQUESTED AN EMERGENCY HEARING ON THIS MOTION.**

TO THE HONORABLE BANKRUPTCY JUDGE OF SAID COURT:

COMES NOW, BAY CITY HOSPITALITY, LTD. (the "Debtor") Debtor and Debtor-in-Possession, and makes this its Debtor's Emergency Motion for Use of Cash Collateral, pursuant to 11 U.S.C. § 363, Fed. R. Bankr. P. 4001, and Local Bankruptcy Rule 4001-1(b), and in support thereof would show this Court as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the Debtor's case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

**Background Facts**

2. On December 6, 2010, the Debtor filed its voluntary petition under Chapter 11, Title 11 of the United States Code. No request had been made for appointment of a trustee or examiner and no official committee has been established in this case.

3. The Debtor owns and operates a hotel in Edna, Texas, known as the Best Western Lone Star Inn. The Debtor owns the 1.52 acres of real property on which the hotel is situated.

4. On April 18, 2006, the Debtor borrowed $1,450,000.00 from Sterling Bank, NA ("Sterling") for the construction of its hotel.  The Debtor executed a promissory note for this amount to Sterling and secured the loan by executing a deed of trust with assignment of rents and security agreement of even date.  On September 14, 2007, the Debtor renewed and modified the original construction loan for the principal sum of $1,775,254.39, which was also evidence by a note and deed of trust with assignment of rents and security agreement.  The remaining principal balance of that loan is approximately $1,594,277.00.

5. On April 16, 2007, the Debtor borrowed an additional $318,000.00 from Sterling to purchase furniture, fixture and equipment for the hotel, also evidenced by a promissory note for that amount and secured by a deed of trust with assignment of rents and security agreement.  The remaining principal balance of that loan is approximately $188,604.00.

6. On March 18, 2008, the Debtor borrowed $350,000.00 from Sterling for cost overruns associated with construction of the hotel. This loan was evidenced by a promissory note for this amount and secured by a deed of trust with assignment of rents and security agreement. The remaining principal balance of that loan is approximately $337,360.00.

7. All of these loans are also secured by a deed of trust with assignment of rents and security agreement executed by Kalpana Investment Corporation ("Kalpana") to the 3.76 acre tract of land adjacent to the Debtor's hotel.[1] Kalpana is a Texas corporation whose shares are owned by the limited partners of the Debtor.

8. Construction of the hotel was completed in March of 2008, and it was opened for business the following month. The Debtor has operated the hotel since that date. The hotel has 43 guest rooms, a breakfast area, meeting room, business center, and pool and spa. The Debtor's average room rental rate is approximately $105/night.

9. The Debtor also owns a 6.89 acre tract of undeveloped real property located in Bay City, Texas, which has no improvements and produces only nominal income[2] to the Debtor. The property is located in a desirable part of Bay City, Texas. It is situated on a busy state highway, SH-35. On one side of the property is a proposed 4-way stoplight and on the other side of the property is a proposed 3-way stoplight. The property has over 750 linear feet of frontage on SH-35. Directly across from the property is a major shopping center development. There is also a major nuclear plant expansion project in the area and a brand new coal power plant installation with a capital project budget of somewhere between $17 - $22 billion. All of this has substantially increased the fair market value of the property. In November of 2009, the property

---

[1] All of these loans were further secured by guaranty agreements by BC Lodging, LLC, the general partner of the Debtor, and Jashwantsinh L. Thakore and his wife Kalpana Thakore, who own 99% the limited partnership interests in the Debtor and the shares of Kalpana Investment Corporation and are the sole officers of BC Lodging, LLC and Kalpana Investment Corporation.

was conservatively appraised on an "as is" basis at $2.1 million.  The Debtor believes that because of the increased development around the property over the past year (and because of certain purchase offer overtures) the fair market value of the property is currently approximately $3.2 million.

10. The Debtor's cash in its bank accounts is covered by Sterling's security interests, because all of that cash consists of proceeds from the Debtor's hotel room rentals.  Thus, the Debtor's available cash constitutes cash collateral under 11 U.S.C. §363(c).

### Relief Requested

11. The Debtor requests preliminary use of its cash collateral to pay its necessary expenses of its business in the ordinary course.  The Debtor also requests, upon notice and a hearing, a final order authorizing its continued use of cash collateral.

### Argument and Authorities

12. Under 11 U.S.C. §363(c)(2), a debtor may use its cash collateral if each entity that has an interest in such cash collateral consents or if the Court, after notice and a hearing, authorizes the use of the cash collateral.  Under 11 U.S.C. §363(c)(3), the Court must condition the debtor's use of its cash collateral as is necessary to provide adequate protection of the interest in the cash collateral claimed by a party.

13. At a hearing on a debtor's motion for use of cash collateral, the debtor bears the burden of proof on the issue of adequate protection, and the party claiming an interest in the cash collateral bears the burden of proof on the issue of the validity, priority, or extent of the lien.  11 U.S.C. § 363(p).

---

[2] The Debtor receives $250/month from an advertising company for placing a billboard on the property.

14. The Debtor requests interim authorization to use Cash Collateral as set forth in the Interim Budget until a final order granting further use of Cash Collateral can be entered. The Debtor is without sufficient funds, other than the Cash Collateral, to operate for fourteen or more days until a final hearing on this Motion can be held. The Debtor's inability to timely pay the costs and expenses set forth herein will result in immediate and irreparable harm to the estate. Because the Debtor's request for interim authorization seeks the use of only that amount of Cash Collateral as is necessary to avoid immediate and irreparable harm to the value of the estate pending a final hearing, the request complies with Rules 4001(b)(2) and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

15. The Interim Budget (See Exhibit "A") itemizes the sources and uses of cash and provides a weekly projection of cash receipts and expenditures. The Interim Budget includes a list of business expenses that are reasonable and necessary and that must be paid until such time as a final hearing on the Motion can be held. The Debtor proposes that any amounts listed in the Interim Budget that are unused in any week may be carried over and used by the Debtor in any subsequent week, on a line-item basis.

16. The Debtor also requests that the Court authorize it to continue to use Cash Collateral on a final basis as will be set forth in a final budget to be submitted to the Court in connection with a final hearing on the Motion.

17. Bankruptcy Code § 363(e) provides that "on request of an entity that has an interest in property used . . . or proposed to be used . . ., the court . . . shall prohibit or condition such use. . . as is necessary to provide adequate protection of such interest." Bankruptcy Code § 361 sets forth a non-exclusive list of forms of adequate protection, which include periodic cash payments, additional liens, replacement liens, and other forms of relief. 11 U.S.C. § 361. A determination

of adequate protection is decided on a case-by-case basis, involving a consideration of the "nature of the creditor's interest in the property, the potential harm to the creditor as a result of the property's decline in value and the method of protection." *In re Braniff Airways, Inc.*, 783 F.2d 1283, 1286 (5th Cir. 1986). The purpose of adequate protection is to ensure that a secured party's economic position is not worsened because of the filing of a bankruptcy case. *In re DeSardi*, 340 B.R. 790, 804 (Bankr. S.D. Tex. 2006).

18. The Debtor proposes to adequately protect the interest of Sterling in its collateral in a number of ways. First, Sterling is grossly oversecured and holds a sizeable equity cushion in their alleged collateral. The value of Sterling's collateral is well in excess of $3.5 million. The Debtor's hotel property was valued "as is" at $3,120,000.00 and "as stablized" at $3,900,000.00 in Sterling's own appraisal dated July 23, 2007. That same hotel property was valued "as a going concern" at $2,685,000.00 in Sterling's appraisal dated February 10, 2010 ($2,453,000.00 for the 1.52 acres of real property and $232,000.00 for the FF&E).

19. In addition to that collateral, Sterling has as collateral 3.76 acres of unimproved real property owned by Kalpana Investment Corporation that is pledged as collateral. That real property is situated adjacent to the Debtor's hotel property. That property was appraised in Sterling's February 20, 2010, appraisal on an "as is" basis at $188,000.00. Thus, Sterling enjoys collateral valued at between approximately $2.8 - $4 million to secure its loans of approximately $2.1 million. The resulting equity cushion protects Sterling against any decrease in the value of its interests in the prepetition collateral for the duration of the requested use of Cash Collateral. In addition, the Debtor owns additional real property with a fair market value in excess of $3 million and a lien of only $330,000.00 against it (the 3.89 acres in Bay City, Texas).

20. In addition, the Debtor will provide Sterling with information relating to projected revenues and expenses, actual revenue and expenses, and variances from the Interim Budget. This information will enable Sterling to monitor its interests in the Prepetition Collateral and Cash Collateral. Reporting of financial information is also a sufficient form of adequate protection. *See, e.g., Mutual Benefit Life Ins. Co. v. Stanley Station Assocs., L.P. (In re Stanley Station Assocs., L.P.)*, 140 B.R. 806, 809 (D. Kan. 1992) ("In addition, we believe the request of MBL for 'timely filing of proper monthly operating reports . . .' falls within the ambit of adequate protection . . . ."); *Sumitomo Trust & Banking Co. v. Holly's, Inc. (In re Holly's, Inc.)*, 140 B.R. 643, 706 (Bankr. W.D. Mich. 1992) (reports required as part of adequate protection).

21. Notice of this pleading has been provided by e-mail, facsimile, or overnight delivery to: (a) the U.S. Trustee; (b) counsel for Sterling and the Debtor's other secured creditor Tradition Bank; (c) each of the Debtor's 20 largest unsecured creditors; (d) the Internal Revenue Service and all governmental agencies required to receive notice under the Bankruptcy Rules and the Local Bankruptcy Rules; and (e) those persons or entities that have formally appeared and requested service in these Cases pursuant to Rule 9010(b) of the Bankruptcy Rules.

22. For the reasons stated previously herein, the Debtor submits that the relief requested is necessary to prevent immediate and irreparable harm to the Debtor's estate.

23. Furthermore, to successfully implement the foregoing, the Debtors request a waiver of the notice requirements of Bankruptcy Rule 6004(a). The exigent nature of the relief sought herein justifies immediate relief, which is necessary for the Debtor to be able to continue to operate its business and preserve value in the estate.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that this Court approve the Debtor's preliminary use of its cash collateral, set a final hearing and after

hearing testimony at a final hearing, approve the Debtor's continuing use of its cash collateral, and grant such other and further relief to which the Debtor may be entitled.

        Respectfully submitted,

        **WAUSON ♦ PROBUS**


    By:____/s/  Matthew B. Probus____
        **Matthew B. Probus**
        TBA#16341200
        Fed. I.D. No. 10915

    One Sugar Creek Center Blvd., Suite 880
    Sugar Land, Texas 77478
    (281) 242-0303 (Telephone)
    (281) 242-0306 (Facsimile)

    *ATTORNEYS FOR DEBTOR,*
    *BAY CITY HOSPITALITY, LTD.*

**Certificate of Service**

    I hereby certify that a true and correct copy of the foregoing has been served upon those entities listed below via United State regular mail, first class postage prepaid, on this the 6th day of December, 2010.

U.S. Trustee
515 Rusk Avenue, Room 3516
Houston, Texas 77002

Bay City Hospitality, Ltd.
Attn: J. Thakore
631 S. Columbia Drive
West Columbia, TX 77486

Party with Interest in Property
Sterling Bank, NA
P.O. Box 924009
Houston, Texas 77292-4009

Michael J. Smith
Chernosky, Smith, Ressling & Smith, PLLC
4646 Wild Indigo, Suite 110
Houston, TX 77027

Secured Creditor
Tradition Bank
5501 Bissonnet
P.O. Box 40
Bellaire, Texas 77402

Governmental Entities
Internal Revenue Service
1919 Smith Street
Special Procedures Staff, Stop 5022 Hou
Houston, TX 77002

Jackson County Tax Assessor
115 W. Main, Room 102
Edna, Texas 77957

20 Largest Unsecured Creditors
Amy Zarate
202 E. Simmon St.
Edna, Texas 77957

Antquinette N. Hines
502 Sayles St
Edna, Texas 77957

City of Edna
126 W. Main Street
Edna, Texas 77957

Delfina Gonzalez
509 W. Elm St.
Edna, Texas 77957

Farmer's Brothers Coffee
File 55172
Los Angeles, California 90074-5172

G&W Engineers
205 W. Live Oak
Port Lavaca, Texas 77979

Jackson County Tax Assessor
115 W. Main, Room 102
Edna, Texas 77957

Jashwantsinh Thakore
631 S. Columbia Dr.
West Columbia, Texas 77486

Johanna Brooks
412 Hurst
Edna, Texas 77957

Kalpana Investments Corporation
631 S. Columbia Drive
West Columbia, Texas 77486

Linda Rease
P.O Box 571
Lolita, Texas 77971

Mid-Coast Cable Vision
P.O. Box 1269
El Campo, Texas 77437

Schindler Elevator Corporation
1201 West Loop North, Suite 130
Houston, Texas 77055-7257

Serena Meador
308 Rowlet
Edna, Texas 77957

Sign Ad Outdoor
P.O. Box 8626
Houston, Texas 77249

State Comptroller of Public Account
P.O. Box 149356
Austin, Texas 78714-9356

Victoria Advocate
P.O. Box 2393
Victoria, Texas 77902-2393

                                             ____/s/  Matthew B. Probus___
                                             Matthew B. Probus